

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-1873
Re: Whether or not motor
carriers operating under
Article 911b, Vernon's
Annotated Civil Statutes,
the Texas Motor Carrier
Act, can be enjoined
from violating the load
limit law and related
questions.

We received your letter of January 18, 1940,
requesting our opinion of the following questions
which we quote from your letter as follows:

"1.  If the public convenience and
necessity of the shippers and the safety
of the highways and the capacity of the
bridges on said highways require or per-
mit the transportation of tonnage only
in amounts less than otherwise permitted
by law, does the Railroad Commission have
the power to limit tonnage to be hauled
under a certificate or permit authorizing
such service to such amount as in its dis-
cretion is required by the public conven-
ience and necessity and the safety of the
highways will permit; and, is the Railroad
Commission required in considering whether
it will grant or deny all certificates or
permits to determine whether or not the
facts and circumstances require it to fix

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the amount of tonnage to be hauled under such certificate or permit in amounts less than otherwise permitted by law?

"2. If the foregoing questions are answered in the affirmative, then in those situations where facts and circumstances do not require the Railroad Commission to fix the amount of tonnage to be hauled under such certificate or permit in amounts less than otherwise permitted by law, is it the mandatory duty of the Railroad Commission to make a finding and include in the certificate or permit a term or condition stating the amount of tonnage which may be hauled on any motor vehicle under such a certificate or permit or by a general order fix the amount of tonnage to be hauled on any motor vehicle under any such certificate or permit so that it shall not exceed the amount otherwise permitted by law?

"3. Will you please advise this office if Section 13 (a) by law attaches a condition to each certificate and permit issued by the Railroad Commission which makes it a violation of the terms of said permit or certificate and of the provisions of Article 911b for the holder or owner of such certificate or permit to transport property in excess of the tonnage allowed by Section 5, Article 827a of the Penal Code.

"4. Will you please advise if the holder or owner of such permit or certificate transports property in Travis County which can be reasonably dismantled in excess of 7,000 pounds in violation of Section 5 of Article 827a of the Penal Code, will such transportation of tonnage of a greater weight than otherwise permitted by law constitute such a violation of said certificate or permit and of the provisions of Article 911b and of subdivisions (b) and (c) of Article 1690b of the Penal Code as

to authorize me under subdivision (b) of
Article 1690b of the Penal Code to bring
a suit for penalties and as to authorize
me under subdivision (c) of Article 1690b
of the Penal Code to bring suit to enjoin
or restrain such motor carrier under such
permit or certificate from further trans-
porting property for hire in violation of
Section 5 of Article 827a of the Penal
Code?"

We call your attention to Section 13 (a) of
Article 911b, Vernon's Annotated Civil Statutes, which reads
in part as follows:

"The Commission is vested with power
and authority, and it is hereby made its
duty to approve or disapprove the nature
and the character of the equipment to be
used under any permit or certificate and
the amount and character of tonnage which
may be hauled thereunder on any motor ve-
hicle, trailer or semi-trailer, used under
such permit or certificate and in approv-
ing the amount and character of tonnage to
be hauled on any such vehicles, trailers or
semi-trailers under any permit or certifi-
cate, it may fix the number or size of boxes,
packages, barrels, or bales of any particular
commodity to be transported on any such ve-
hicles, trailers or semi-trailers under such
permit or certificate, and the method of
loading such boxes, packages, barrels, or
bales of such commodity on the motor vehicles,
trailers and semi-trailers to be used under
such permit or certificate; provided, however,
said Commission shall not authorize the use
of any equipment of greater dimensions than
permitted by law, nor any tonnage of greater
weight than otherwise permitted by law. . ."

From the above article, we observe that in a
proper case the Railroad Commission has the authority
to limit the amount of tonnage hauled under a certif-
icate or a permit. The Commission, however, cannot

Honorable Paul T. Holt, page 4

authorize the hauling of any tonnage of greater weight than otherwise permitted by law. Should the Railroad Commission find that the maximum tonnage to be hauled under a particular certificate or permit to be less than 7,000 pounds, then it must determine what the particular maximum weight shall be and enter an order to that effect.

In those situations where facts and circumstances do not require the Railroad Commission to fix the amount of tonnage to be hauled over a certificate or permit, then the carrier may haul the maximum tonnage, same being 7,000 pounds, as provided for by Article 827a, Section 5, Penal Code.

We find nothing in the Motor Carrier Act which imposes a mandatory duty on the Railroad Commission to make a finding and include in the certificate or permit a term or condition stating the amount of tonnage which may be hauled by any motor carrier under such certificate or permit. Neither do we find anything in said Act which imposes a mandatory duty on the Railroad Commission to enter a general order designating the amount of tonnage to be hauled by motor carriers operating under a certificate or permit. In any event, the Railroad Commission has never placed such a construction upon the Motor Carrier Act, for it has never placed such restrictions in the certificates and permits, nor has it entered any general order pertaining to the amount of tonnage that a motor carrier may haul. Except in rare instances, the Railroad Commission has never attempted to regulate the amount of tonnage to be hauled by a motor carrier. The only limitation upon a motor carrier concerning the weight of his load is found in Article 827a, Section 5, supra, which sets the load limit at 7,000 pounds.

We are of the opinion that Section 13 (a) of Article 911b, supra, does not, as a matter of law, attach a condition to each certificate and permit issued by the Railroad Commission which makes it a violation of the terms of said certificate or permit and of the provisions of Article 911b, supra, for the holder or owner of such certificate to transport property in excess of the tonnage allowed by Article 827a, Section 5, Penal Code.

3

The provision in Section 13 (a), Article 911b, supra, to the effect that the Railroad Commission shall not authorize the hauling of any tonnage of greater weight than otherwise provided by law does not have the effect of incorporating the Load Limit Law, Article 827a, Section 5, supra, into the Motor Carrier Act, Article 911b, supra. Therefore, a carrier hauling in excess of 7,000 pounds is violating the Load Limit Law, and not the Motor Carrier Act.

Article 1690b (b) of the Penal Code reads as follows:

"(b) Every officer, agent, servant or employee of any corporation and every other person who violates or fails to comply with or procures, aids or abets in the violation of any provision of this Act or who violates or fails to obey, observe or comply with any lawful order, decision, rule or regulation, direction, demand or requirement of the Commission shall in addition be subject to and shall pay a penalty not exceeding One Hundred Dollars ($100.00), for each and every day of such violation. Such penalty shall be recovered in any Court of competent jurisdiction in the county in which the violation occurs. Suit for such penalty or penalties shall be instituted and conducted by the Attorney General of the State of Texas, or by the County or District Attorney in the county in which the violation occurs, in the name of the State of Texas."

The above quoted Article authorizes the Attorney General or any District or County Attorney to bring suit for penalties against the named persons for any violation of the Motor Carrier Act or for violation of any lawful order, decision, rule or regulation, direction, demand, or requirement of the Railroad Commission. A person who has violated the Load Limit Law is not subject to the penalties of the above mentioned Article on the theory that such Act is a violation of the Motor Carrier Act, for the reason that the Load Limit Law, Article 827a, Section 5, supra, is not a part of the Motor Carrier Act, but is a part of an entirely different and separate Act, and is of general application.

We quote from Article 1690b, Section (c), Penal Code, same being the penal provision of Article 911b, supra, Section 16, as follows:

"(c)  Upon the violation of any provision of this Act, or upon the violation of any rule, regulation, order or decree of the Commission promulgated under the terms of this Act, any District Court of any County where such violation occurs shall have the power to restrain and enjoin the person, firm or corporation so offending from further violating the provision of this Act or from further violating any of the rules, regulations, orders and decrees of the Commission.  Such injunctive relief may be granted upon the application of the Commission, the Attorney General or any District or County Attorney. . . ."

You will observe that the above quoted section of Article 1690b, supra, provides for the injunctive remedy to apply to violations arising under the provisions of the Motor Carrier Act, same being Article 911b, supra, and to the violation of any rule, regulation, order or decree of the Railroad Commission promulgated under the terms of said Act.  Since the 7,000 pound load limit law, same being Article 827a, Section 5, Penal Code, is not a part of the Motor Carrier Act and in those instances where the Railroad Commission has not issued any rule, regulation, order or decree limiting the tonnage to be hauled by a motor carrier, we are of the opinion that Article 1690b, Section (c), supra, does not give the Attorney General or any district or county attorney the authority to bring injunctive proceedings against a motor carrier for violating the Load Limit Law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

By _Lee Shoptaw_
Lee Shoptaw

APPROVED FEB 14, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _Bwt._
CHAIRMAN

LS:LW